ROSE *v.* THE STATE.

33 167
140 301

CRIMINAL LAW.—*Information.—Rescue of Prisoner.—Assault and Battery.*—Under an information for forcibly freeing a person from legal arrest, an assault and battery being sufficiently charged against the defendant also, as the means by which the rescue was accomplished, the defendant may be convicted of the assault and battery and acquitted of the rescue.

APPEAL from the Owen Common Pleas.

RAY, J.—This was a prosecution against the appellant for rescuing a prisoner from the custody of the sheriff of Owen county.

The information charges, that on the 22d day October, 1868, one Samuel McBride filed an affidavit, charging James Rose and Dennis Rose with an assault and battery on the person of said affiant; that an information was filed and a writ issued thereon, directed to the sheriff of said county, to be by him executed; that on the same day, said sheriff, Isaac S. Lucas, did arrest said James Rose on said writ. The information then charges, that while said James Rose was in the lawful custody of said sheriff, John J. Rose, well knowing the said James Rose to be lawfully under arrest, "did then and there in and upon the said Isaac S. Lucas make an assault, and him, the said Isaac S. Lucas, did then and there unlawfully, touch, strike, beat, and wound, and then and there and thereby, well knowing the said James Rose to be legally under arrest and in the custody of," &c., "unlawfully and forcibly free said James Rose from said legal custody and arrest," &c.

Defendant moved to quash the information and affidavit; the motion was overruled, and the defendant excepted.

Trial by jury, and verdict as follows: "We the jury find the defendant not guilty of rescuing a prisoner from the custody of an officer, as charged in the information; and we find him guilty of an assault and battery, and assess his fine at two hundred dollars.

Defendant moved in arrest of judgment and for the discharge of the defendant, for the reasons, "first, that the verdict is void; second, that the verdict acquits the defendant of the only criminal charge in the information; third, that no assault and battery is charged in the information."

The motion was overruled, and the defendant excepted.

There were instructions given to the jury to which exception is taken in this court; but no motion for a new trial was made, and no question was therefore reserved, except on the motions to quash and in arrest. No argument is presented on the motion to quash.

Our statute provides, that upon an indictment for an offense consisting of different degrees, the jury may acquit

of the degree charged and convict of an inferior degree. It then declares, that "in all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment." 2 G. & H. 405, secs. 72, 73. It is attempted to sustain the overruling of the motion in arrest under the section of the statute cited. But an assault and battery is not necessarily included in the rescue of a prisoner. The conviction, however, was right at common law. The assault and battery was properly charged. *Corneille* v. *The State*, 16 Ind. 232. Both offenses were misdemeanors, and "wherever crimes are of equal grade, there can be no technical merger." *The People* v. *Mather*, 4 Wend. 229. In *The People* v. *Carmichael*, 5 Mich. 10, it was held, that the intent to commit or the commission of an injury, as a means to the accomplishment of another ultimate and unlawful object, is not, by the existence of such ultimate design, taken out of the operation of the statute.

The motion in arrest was properly overruled.

Judgment affirmed, with costs.

*A. T. Rose*, for appellant.

*D. E. Williamson*, Attorney General, for the State.