## SLOAN v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Assault and Battery with Intent to Murder.*— An indictment for assault and battery with intent to murder charged that the defendant "feloniously, purposely, and with premeditated malice," did "beat, strike, kick, stamp, trample upon, and wound, with intent, then," etc.

*Held*, that the indictment sufficiently charged an assault and battery.

SAME.—In an indictment for an assault and battery, it is not necessary that all the words "rude," "insolent," "angry," should be used; if one or more of them be used, or the equivalent of one or more of them, it is sufficient.

APPEAL from the Marion Criminal Court.

DOWNEY, J.—In the indictment against the appellant it is charged that on, etc., at, etc., he did, in and upon one Henry Brandt, feloniously, purposely, and with premeditated malice, make an assault, and him, the said Henry Brandt, did then and there feloniously, purposely, and with premeditated malice, beat, strike, kick, stamp, trample upon, and wound, with intent, then and there and thereby, him, the said Henry Brandt, feloniously, purposely, and with premeditated malice, to kill and murder, contrary to the form of the statute, etc.

A motion to quash the indictment, made by the appellant, was overruled, and he excepted. Upon arraignment and plea of *not guilty*; he was tried by a jury, and there was a verdict of guilty, a motion in arrest of judgment made by him was overruled, and sentence was pronounced against him according to the verdict of the jury. The errors assigned are the overruling of the motion to quash the indictment, and that in arrest of the judgment. The only question discussed and presented for our decision is as to the sufficiency of the indictment. The specific objection urged by counsel for the appellant against the indictment is, that it does not sufficiently charge the assault and battery. It is not denied but that it properly charges the intent to commit murder, if it sufficiently charges the minor offence.

It is beyond any question necessary that, in such cases, the assault and battery must be charged in the appropriate language, or otherwise there is no foundation for the charge of an intent to commit the higher crime charged. *Adell* v. *The State*, 34 Ind. 543; *Cranor* v. *The State*, 39 Ind. 64.

The language of the statute which defines an assault and battery is as follows: " Every person who in a rude, insolent or angry manner, shall unlawfully touch another, shall be deemed guilty of an assault and battery," etc.

It has been held by this court, as a general rule, that it is sufficient for the prosecutor, in charging a crime, to follow the language of the statute defining the same. *The State* v. *Bougher*, 3 Blackf. 307. The indictment in the case under consideration does not describe the assault and battery in the language used in the statute defining it. But this does not dispose of the case, for this court has decided that it is not necessary to use the exact words of the statute, if other words of equivalent meaning are used; and the criminal code in its rules of pleading expressly provides, that " words used in the statute to define a public offence need not be strictly pursued, but other words, conveying the same meaning, may be used." 2 G. & H. 403, sec. 59; *Corneille* v. *The State*, 16 Ind. 232.

The question is, then, are the words used · in the indictment equivolent with those used in the statute and omitted in the indictment? It was not necessary that all the words, "rude," "insolent," "angry," should have been used, for they are coupled disjunctively by the word "or." Hence if any one or more of them had been used, it would clearly have sufficed. The word "unlawfully" is also omitted in the indictment. The question is, then, do the ponderous words, "feloniously, purposely, and with premeditated malice," weigh as much in their signification as the omitted words? We think they do. See *Corneille* v. *The State, supra,* a case somewhat like this. The indictment also omits the word "touch," which is found in the statute. In lieu of it the pleader has used the words "beat, strike, kick, stamp, trample upon, and wound," which, we think, and no doubt the prosecuting witness thinks, are fully equivalent to the word touch. If it were our province to advise, and not merely to decide, we would suggest to those whose duty it is to put in legal form the accusations made by the grand jury, to select their words from the statutes defining the crime which is charged, and not gather them up at random from other sources.

We regard the indictment, notwithstanding its want of accuracy, as substantially sufficient.

The judgment is affirmed, with costs.

*J. E. McDonald, J. M. Butler, J. S. Harvey,* and *F. J. Mattler,* for appellant.

*J. C. Denny,* Attorney General, *R. P. Parker,* and *J. S. Duncan,* for the State.