## HOWARD v. THE STATE.

CRIMINAL LAW.—*Indictment.—Title of.—Variance.*—The title of an indict-
ment need not contain the name of the offence intended to be charged in
the indictment ; but if it does, and conflicts with the language of the in-
dictment, the latter will control.

SAME.—*Assault, or Assault and Battery, with Intent to Murder.*—An indict-
ment charged that, on, etc., at, etc., the defendant did " wilfully, purposely,
feloniously and of his malice aforethought, make an assault on one " M.
B , " and then and there with a pistol,  *  which he had and held in his
hands, and said pistol  *  was loaded with gunpowder and a leaden ball,
did then and there wilfully, feloniously, purposely and of his malice
aforethought, shoot off said pistol  *  at and against the said " M. B., "with
intent then and there and thereby him, the said " M. B., " purposely," etc.,
" to kill and murder," etc.

*Held*, that, for want of an averment of the then present ability of the de-
fendant to commit the injury, an assault is not charged.

*Held*, also, that, for want of an averment that the touching was unlawful,
and in either a rude, an insolent, or an angry manner, no assault and bat-
tery is charged.

From the Marshall Circuit Court.

*W. B. Hess* and *G. R. Chaney*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

HOWK, J.—The indictment in this case charged, in sub-
stance, that the appellant did, on the 15th day of Oc-
tober, 1876, at Marshall county, Indiana, " wilfully, pur-
posely, feloniously and of his malice aforethought, make
an assault on one Michael Burns, and then and there with
a pistol, commonly called a revolver, which he had and
held in his hands, and said pistol or revolver as aforesaid
was loaded with gunpowder and a leaden ball, did then
and there wilfully, feloniously, purposely and of his
malice aforethought, shoot off said pistol or revolver at and
against the said Michael Burns, with intent then and there
and thereby him, the said Michael Burns, purposely, wil-

fully, feloniously and of his malice aforethought, to kill and murder, contrary to the form of the statute," etc.

The appellant moved the court to quash the indictment, which motion was overruled, and to this ruling he excepted. He then waived an arraignment, and, for plea to the indictment, said that he was not guilty as therein charged. He also waived a trial by jury, and asked to be tried by the court; and, upon such trial, a finding was made by the court, that he was guilty as charged in the indictment, and that he be imprisoned in the state-prison for the term of two years. His motions for a new trial and in arrest of judgment were severally overruled, and to each of these decisions he excepted, and the court then rendered judgment upon and in accordance with its finding.

In this court, the appellant has assigned the following alleged errors, to wit:

1. The court below erred in overruling his motion to quash the indictment;

2. The court erred in overruling his motion for a new trial;

3. The indictment was not sufficient to sustain the judgment; and,

4. The court erred in overruling his motion in arrest of judgment.

The first, third and fourth of these alleged errors may properly be considered together, as they each call in question the sufficiency of the indictment. It may be premised, that it would seem from the title of the indictment in this case, as the same is copied in the record, that the grand jury or prosecuting attorney had possibly intended to indict the appellant for an offence differing somewhat from the one for which he has been tried and convicted. In the indictment, after stating the venue and the style and term of the court, the title of the cause is given as follows:

"THE STATE OF INDIANA ⎱ Assault and battery, with in-
vs. ⎰ tent to murder."
"JOHN HOWARD.

It will be seen from the body of the indictment, the substance of which is stated above, that it was charged therein that the appellant did "make an assault," etc., "with intent," etc. This discrepancy, between the charge in the title, and the charge in the body, of the indictment, is not explained by any thing in the record. Apparently, it is not the result of a mere clerical error; for the indictment is twice copied in the record, and in each copy the same discrepancy exists. The State's attorney has not favored this court with any brief of this cause, and we do not know, and have no means of ascertaining, whether it was intended to charge the appellant with an assault and battery, or with merely an assault, with the felonious intent. But, whatever may have been intended, it seems to us that the description of the offence, in the body of the indictment, must prevail over and control the description given in the title of the indictment. The statute does not require that the name even of the offence should be set forth in the title of the indictment; while it does require that the indictment must contain "A statement of the facts constituting the offence, in plain and concise language, without repetition." 2 R. S. 1876, p. 383, sec. 54.

Since the 6th day of May, 1853, there have been no common-law offences in this State. By section 2 of an act which became a law on the day last named, entitled "An act declaring the law governing this State," approved May 31st, 1872, it is provided that "Crimes and misdemeanors shall be defined, and punishment therefor fixed, by statutes of this State, and not otherwise." 1 R. S. 1876, p. 606. In section 9 of the felony act, approved June 10th, 1852, it is provided that "Every person who shall perpetrate an assault, or an assault and battery, with intent to

commit a felony, shall, upon conviction thereof, be imprisoned in the state-prison not exceeding fourteen, nor less than two years, and be fined not exceeding one thousand dollars." 2 R. S. 1876, p. 427.

In section 1 of an "Act defining certain misdemeanors, and prescribing punishment therefor," approved December 2d, 1865, an assault is thus defined : "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Acts 1865, Spec. Sess., p. 165, and 2 R. S. 1876, p. 459, note 3. From this statutory definition of an assault, it will readily be seen, we think, that the indictment against the appellant, in the case at bar, was fatally defective and insufficent, in this, that it did not contain " a statement of the facts constituting the offence" of an assault, " in plain and concise language, without repetition," in accordance with the requirements of the criminal code, *supra*   The case of *The State* v. *Hubbs*, 58 Ind. 415, is directly in point; in which case it was held by this court, that an indictment for an assault with intent, etc., must allege facts showing, not only an unlawful attempt, but also, the present ability of the defendant, to commit the crime charged. See, also, on this point, the cases of *The State* v. *Swails*, 8 Ind. 524,; and note, and *The State* v. *Trulock*, 46 Ind. 289.

It is true, that in the case of *Kunkle* v. *The State*, 32 Ind. 220, this court, as then constituted, RAY, J., dissenting, disapproved of the doctrine, that " to constitute an assault, or an assault and battery, with intent to commit a felony, the intent and the present ability to execute must necessarily be conjoined," as enunciated in the case of *The State* v. *Swails*, *supra*. It is equally true, however, that ELLIOTT, J., who delivered the opinion of the majority of the court in *Kunkle* v. *The State*. *supra*, did not even allude to the statutory definition of an assault, in the above mentioned act of December 2d, 1865, although the case was decided

at least four years after the approval of said act. We may well conclude, therefore, that, in the consideration and decision of the case last cited, the statutory definition of an assault escaped the notice and attention of this court, as then constituted. For no one can doubt, we think, that the Legislature of this State had the power to declare what facts must exist to constitute an assault, and to require that an indictment for an assault, etc., must contain " a statement of the facts constituting the offence, in plain and concise language, without repetition."

About one year after the case of *Kunkle* v. *The State*, *supra*, was decided, it was held by this court, in the case of *Adell* v. *The State*, 34 Ind. 543, that since the above entitled act of December 2d, 1865, defining an assault, became a law, an indictment for an assault, with intent to commit a felony, must charge the assault by setting forth the facts constituting it, in accordance with its statutory definition. Since the case last cited was decided, this court has uniformly held in the same way and to the same effect, upon the point under consideration, whenever the question has been presented for decision.

It may be said, however, that the indictment, in the case at bar, charged the appellant with an assault and battery with intent, etc., because it was charged therein, in substance, that, on, etc., at, etc., the appellant did, etc., make an assault on one Michael Burns, and then and there with a pistol, etc., did, etc., "shoot off said pistol or revolver *at and against* the said Michael Burns, with intent, etc." An "assault and battery" has been the subject, also, of a statutory definition. Thus, in section 7 of the misdemeanor act of June 14th, 1852, it is declared that "Every person who in a rude, insolent or angry manner, shall unlawfully touch another, shall be deemed guilty of an assault and battery," etc. 2 R. S. 1876, p. 459. It will be readily seen, we think, that, to constitute an "assault and battery,"

within the meaning of this statutory definition thereof, the following facts must exist : 1. A touching of the person of another ; 2. This touching must be unlawful ; and, 3. This unlawful touching must be in one of three modes, to wit, in a rude, or an insolent, or an angry manner. These facts must co-exist, or there will not be an "assault and battery."

Thus, in the case of *The State* v. *Wright*, 52 Ind. 307, which was a prosecution for an assault and battery, it was held by this court, WORDEN, J., delivering the opinion, after citing said section 7 of the misdemeanor act of June 14th, 1852, *supra*, that, "To constitute an assault and battery under this statute, it is not enough that there was an unlawful touching, but the manner of the touching must have been either rude, insolent or angry.

"It is a well established principle of criminal pleading, that, in indictments upon statutes (and we have none other in Indiana), the indictment must embrace a charge of all the particulars that enter into the statutory description of the offence, either in the language of the statute or other equivalent language."

In the case cited, it was urged by the State's attorneys, "that the allegation, that the touching, etc., was unlawfully perpetrated, is equivalent to an allegation that it was done in a rude, insolent or angry manner." Upon this point the court said: "We can not suppose that the Legislature intended by the use of the word 'unlawfully,' to convey all the ideas expressed by the words, 'in a rude, insolent or angry manner.' Such a construction would make the statute consist, in a measure, of redundant verbiage. See *Landringham* v. *The State*, 49 Ind. 186. We are of opinion that the indictment was bad, as not containing a charge of all the elements entering into the statutory description of the offence, and that the court committed no error in quashing it."

So, also, in the case of *McCulley* v. *The State*, 62 Ind. 428, it was charged in the indictment, that the appellant did then and there, etc., attempt to commit a violent injury upon the person, etc., and the appellant, being then and there a person of sound mind and having the present ability then and there to commit such violent injury, etc., with a pistol, etc., did then and there shoot, fire and discharge said pistol, etc., " at, toward and against the body and person of," etc., with intent, etc. It will be seen from the indictment in the case cited, that the appellant was therein charged, in the language of the statute, with an assault with intent to commit a felony ; but it was insisted by his counsel that the indictment, by reason of the expression therein " *against* the body and person," actually charged him with an assault and battery, instead of an assault merely, with intent, etc. Upon this point it was said by this court, in the case cited :

" The statutory definition of an assault and battery includes something more than a mere unlawful touching. The manner of the unlawful touching is an essential part of this definition ; the manner must be either ' rude, insolent or angry,' to make the unlawful touching an assault and battery."

In the case now before us, it will be observed that the adverb " unlawfully," or the adjective " unlawful," is not used in the indictment, the substance of which we have given in the exact words thereof. Possibly, words have been used in the indictment, from which it might be fairly inferred that the act charged against the appellant in this case was unlawful ; but, in criminal pleading, the facts should be alleged and should not be left to inference. We are clearly of the opinion, that the indictment in the case at bar did not contain " a statement of the facts constituting the offence," with the commission of which it was intended and attempted to charge the appellant, and that,

for this reason, the court erred in overruling his motion to quash the indictment.

Having reached this conclusion in regard to the insufficiency of the indictment, we need not now consider or decide any question arising under the alleged error of the court, in overruling the motion for a new trial. These questions may not arise again in the proceedings which may be had hereafter in this case, or, if they should, they will probably be presented under different circumstances and in a different mode.

The judgment is reversed, and the cause is remanded, with instructions to sustain the motion to quash the indictment. The clerk of this court will issue the proper notice for the return of the appellant to the sheriff of Marshall county.