### The State of Indiana v. Napoleon Boss.

*Indictment—Repugnancy—Title.*—An indictment is not bad for a repugnancy between the title of the cause as to the party defendant and the body of the indictment in respect to the person charged, if there is sufficient matter alleged to indicate the crime and person charged.

Filed June 18, 1881.

Appeal from Washington Circuit Court.

Opinion of the court by Mr. Justice Worden.

The following indictment was returned against the appellee in the court below, viz:

STATE OF INDIANA, } ss:
    Washington county. }

In the Washington Circuit Court, October term, 1879.

THE STATE OF INDIANA }
        v.                } Indictment No. 8.
    WILLIAM FULK.         }

The grand jurors for the county of Washington, and State of Indiana, upon their oath, present that Napoleon Boss, on the 12th day of October, 1879, at said county, did then and there, unlawfully, carry concealed in his pocket and upon his person, a certain dangerous and deadly weapon, to-wit, a pistol; he, the said Napoleon Boss, not being then and there a travel, contrary," etc.

The court quashed the indictment, and the State excepted.

The indictment was good unless the entitling of the cause as The State of Indiana v. William Fulk rendered it bad. The entitling of the cause embodied no fact found by the grand jury. What the grand jury found by the indictment was that Napoleon Boss was the person guilty of the offense charged. There is a repugnance between the title of the cause as to the party defendant, and the body of the indictment in respect to the person charged. But we have the following statutory provision:

"No indictment or information may be quashed or set aside for any of the following defects * * *:

"*Sixth.* For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged." 2 R. S., 1876, p. 386, § 61.

Notwithstanding the repugnancy above mentioned, there is ample in the indictment to indicate that Napoleon Boss is the person charged with the offense. *Howard* v. *The State of Indiana,* 67 Ind. 401.

We are of the opinion that the court erred in quashing the indictment.

The judgment below is reversed with costs, and the cause remanded for further proceedings.

F. L. Prow and Attorney General, for appellant.

N. B. Boss, for appellee.