No. 15,081.

THE STATE v. JENKINS.

CRIMINAL LAW.—*Assault and Battery, with Intent to Murder.—Indictment.—Sufficiency of.*—An indictment for assault and battery with intent to commit murder, charged that G. J. "did then and there unlawfully, in a rude, insolent and angry manner, touch C. W., with the intent then and there him, the said C. W., feloniously, wilfully, purposely, and with premeditated malice to kill and murder, contrary," etc.

*Held*, that the indictment is good, under the statute, and that it was error to quash the part thereof relating to the felonious intent.

From the Sullivan Circuit Court.

*L. T. Michener*, Attorney General, *W. C. Hultz*, Prosecuting Attorney, *J. H. Gillett* and *O. B. Harris*, for the State. *J. T. Hays* and *H. J. Hays*, for appellee.

BERKSHIRE, J.—This is an appeal by the State. The defendant was indicted in the court below for an assault and battery with intent to commit the crime of murder.

The charging part of the indictment is as follows: " That one George Jenkins, late of said county, on the 3d day of February, 1889, at said county and State aforesaid, did then and there unlawfully, in a rude, insolent and angry manner, touch Charles Wells, with the intent then and there, him, the said Charles Wells, feloniously, wilfully, purposely, and with premeditated malice to kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The defendant moved the court to quash all of that part of the indictment relating to the felonious intent charged, which motion was sustained by the court, and the attorney for the State reserved the proper exception, and that the decision of the court may be reviewed the State prosecutes this appeal.

In our opinion the court erred in quashing the said part of said indictment.

The gist of the offence, whether it be a simple or a compound assault and battery, consists in the acts which constitute the assault and battery. It has long been the law of this State, that an assault and battery is well charged if the language of the statute creating the offence is followed, or equivalent language employed. *Cranor* v. *State*, 39 Ind. 64 ; *Sloan* v. *State*, 42 Ind. 570 ; *State* v. *Wright*, 52 Ind. 307 ; *Knight* v. *State*, 84 Ind. 73 ; *State* v. *Smith*, 74 Ind. 557.

We can not imagine any good reason for requiring greater particularity in this respect in a compound than in a simple assault and battery, and none has been suggested.

The intention which exists in the mind of the accused when the offence is committed not being tangible, nothing more can be alleged with reference to it than to allege its existence in the language of the statute.

It is contended that the word " thereby," or some other equivalent word, should have followed the word " touch," so as to connect it with the felonious intention, as " that one George Jenkins, late of said county, on the 3d day of February, 1889, at said county and State aforesaid, did then and there unlawfully, in a rude, insolent, and angry manner, touch Charles Wells with the intent then and there and *thereby* him, the said Charles Wells," etc. No more certainty under our code of criminal procedure is required in a criminal than in a civil pleading; all that is necessary is that the averments be certain to a common intent. R. S. 1881, sections 1731 and 1755 ; *McCool* v. *State*, 23 Ind. 127 ; *Meiers* v. *State*, 56 Ind. 336. That the indictment under consideration was thus certain as to the degree of felonious homicide intended to be charged there can be no question.

The statement is simple, plain and direct that the defendant committed the assault and battery charged, and that his purpose was to commit the crime of murder in the first degree. Nothing could be added to it to make it more so, and

to interpolate the word " thereby," or any equivalent word,. or any number of equivalent words, would be tautology, and spoil the euphony and simplicity of the sentence.     *Williams* v. *State*, 47 Ind. 568, is a case squarely in point, and has never been overruled.     *Buntin* v. *State*, 68 Ind. 38, decides the principle; also, *State* v. *Miller*, 98 Ind. 70.

It was held in *Scudder* v. *State*, 62 Ind. 13, that it is sufficient to charge the *intent* in the language of the statute ;. and, again, in *Skaggs* v. *State*, 108 Ind. 53.     *Smith* v. *State*, *supra*, is not in conflict with our conclusion, but supports it.. The indictment was held bad because the word "felonious," one of the words descriptive of the crime, as defined, by the statute, was omitted.

We are of the opinion that the indictment contained all' of the necessary allegations to a good indictment for an assault and battery with the intention to commit murder in the first degree, and that the court erred in its ruling and in quashing that part of the indictment relating to the felonious. intention.

Appeal sustained, at the costs of the appellee.

Filed Oct. 10, 1889.