Freel v. The State.

No. 15,704.

## FREEL v. THE STATE.

CRIMINAL LAW.—*Assault and Battery with Intent.*—*Affidavit.*—*Sufficiency of.*— In a prosecution for assault and battery with intent to kill, an affidavit sufficiently charges an assault which avers that the defendant "did then and there unlawfully and feloniously attempt to commit a violent injury upon the person of Robert Gephart, he, the said Edward Freel, then and there having the present ability to commit said injury."

SAME.—*Present Ability.*—*Possession of Weapons.*—*Averment as to Unnecessary.* —*Affidavit not Vitiated Thereby.*—In such affidavit an averment that defendant had in his hands weapons, etc., was unnecessary. It was sufficient to allege the fact that he had the present ability to commit the injury, without alleging that he had or held any weapons, but such allegation does not render the affidavit defective.

From the Huntington Circuit Court.

*J. C. Branyan* and *M. L. Spencer*, for appellant.

*W. A. Branyan*, Prosecuting Attorney, for the State.

OLDS, J.—The appellant, Edward Freel, was prosecuted on affidavit and information in the Huntington Circuit Court for an assault with intent to kill and murder one Robert Gephart. The trial resulted in a conviction and sentence of the appellant to the State prison for two years, and from the judgment rendered in the cause the appellant prosecutes this appeal. The only alleged error presented and discussed by counsel for the appellant, in their brief, is the insufficiency of the affidavit and information, and that the court erred in overruling a motion to quash the same.

The objection made to the affidavit and information is as to that part charging the offence. There are two counts in each but they are substantially the same; the charging part of the first count of the affidavit is as follows :

That one Edward Freel, on, etc., at, etc., "did then and there unlawfully and feloniously attempt to commit a violent injury upon the person of Robert Gephart, he, the said Edward Freel then and there having the present ability to

commit said injury, by then and there feloniously, purposely and with premeditated malice, holding in his hands two large stones with intent then and thereby, him, the said Robert Gephart, feloniously, purposely and with premeditated malice to kill and murder."

The objection made to the affidavit is that it does not charge that the appellant did anything, except to hold in his hands two large stones ; that it does not allege facts showing that the appellant advanced toward said Gephart or made any effort to do him an injury, and that it is necessary to allege such facts. It is contended that the allegation that he made an attempt to commit a violent injury is only a conclusion of the pleader, and for this reason the affidavit, also the information which is the same, is insufficient, and the motion to quash ought to have been sustained. It is necessary to the sufficiency of an affidavit that it should charge an assault and the intent to commit a particular felony.

The statute creating the offence of an " assault " provides : " Whoever, having the present ability to do so, unlawfully attempts to commit a violent injury on the person of another, is guilty of an assault." Section 1910, R. S. 1881. And ordinarily it is sufficient to charge an offence in the language of the statute creating it. The affidavit in this case properly charges an assault. It charges that the appellant " did then and there unlawfully and feloniously attempt to commit a violent injury upon the person of Robert Gephart, he, the said Edward Freel, then and there having the present ability to commit said injury." An affidavit in almost the exact language of this was held good as charging an assault in the case of State v. Trulock, 46 Ind. 289. It charges that the appellant attempted to commit a violent injury upon Gephart, and that he had the present ability to commit the injury, and this is all the statute requires to constitute an assault. It also charges that the attempt was made with the intent then and thereby, him, the said Gephart, feloniously, purposely and with premeditated malice, to kill

and murder. Omitting the words in regard to holding in his hands the stones, the affidavit properly charges an assault with intent, feloniously and with premeditated malice, to kill and murder one Robert Gephart. The words " by then and there feloniously, purposely and with premeditated malice, holding in his hands two large stones," as used in the affidavit, relate to the appellant's ability to commit the violent injury. It is, in effect, charging that he had in his hands two large stones with which he could commit the violent injury. It was unnecessary to describe his ability. It was sufficient to have alleged the fact that he had the present ability to commit the injury without alleging that he had or held any weapons, but such allegation does not render the affidavit defective. As to the sufficiency of the affidavit, see, also, *Williams* v. *State*, 47 Ind. 568; *State* v. *Jenkins*, 120 Ind. 268.

There was no error in overruling the motion to quash the affidavit and information.

Judgment affirmed, with costs.

Filed Sept. 23, 1890.