Filed June 13, 1893.

———————◆———————

No. 16,486.

BAKER v. THE STATE.

134  657
140  444

CRIMINAL LAW.—*Indictment.*—*Defects Cured by Verdict.*—Where an indictment or an information contains all the essential elements of a public offense, but is defective by reason of uncertainty and imperfection in the manner of describing the offense charged, such indictment or information will be held good after verdict, though it might have been quashed on motion to that effect.

SAME.—*Murder in Second Degree.*—*Charge, How Made.*—"*Without Premeditation.*"—An indictment for murder in the second degree is sufficient if it alleges that the crime was committed feloniously, willfully, purposely, and maliciously, without alleging that the crime was committed *without premeditation.*

SAME.—*Attempt to Commit a Felony.*—*Certainty of Charge.*—No greater certainty is required in describing a felony which an accused attempts to commit, than is required in case the felony had been actually committed.

From the Jackson Circuit Court.

*O. H. Montgomery,* for appellant.

*A. G. Smith,* Attorney-General, and *W. T. Branaman,* for the State.

COFFEY, J.—On the 20th day of November, 1891, the grand jury of Jackson county returned the following indictment:

"*State of Indiana* vs. *William Baker.*

"The grand jurors for the county of Jackson, in the

VOL. 134—42

State of Indiana, upon their oaths, present that WILL-
IAM BAKER, on the 15th day of November, 1891, at said
county, did unlawfully and feloniously touch *Thomas
Smith* in a rude, insolent and angry manner, with intent
then and there, and thereby, feloniously, willfully, pur-
posely, and maliciously to kill and murder him, the said
Thomas Smith,'' etc.

A trial of the cause by the court resulted in finding the
appellant guilty of assault and battery with the intent to
commit the crime of murder in the second degree, upon
which he was sentenced to imprisonment in the State's
prison for the period of two years.

The assignment of error calls in question the sufficiency
of the indictment as well as the ruling of the court in
overruling the appellant's motion for a new trial.

The sufficiency of the indictment was not questioned
in the circuit court.

There are many defects in pleading, both in civil and
criminal cases, which would be fatal on demurrer or on
motion to quash, which are not available on motion in
arrest of judgment or assignment of error in this court,
to the effect that the complaint does not state a cause of
action, or that the indictment or information does not
state a public offense.   Where an indictment or an in-
formation contains all the essential elements of a public
offense, but is defective by reason of uncertainty and im-
perfection in the manner of describing the offense
charged, such indictment or information will be held good
after verdict though it might have been quashed on
motion.    *Nichols* v. *State*, 127 Ind. 406.

The objections urged against this indictment are:

*First.* That it does not set out the manner and the
means by which the appellant attempted to commit the
felony charged.

*Second.* That it is bad because it does not allege that the attempted felony was without premeditation.

We need not inquire whether these objections would have been available on a motion to quash, inasmuch as no such motion was interposed.

The charge in the indictment is that the assault and battery therein charged was made with the intent to commit murder in the second degree. In such a charge we do not think it is necessary to allege the manner or means by which the accused attempted to commit the felony.

Section 1746, R. S. 1881, provides that "In an indictment or information for murder in the second degree or for manslaughter, it shall not be necessary to set forth the manner in which or the means by which, the death was caused."

No greater certainty or particularity should be required in describing a felony which an accused attempts to commit, than is required in case the felony had been actually committed.

We do not think the second objection urged against this indictment, when presented for the first time by an assignment of error in this court, is available. While it would have been better to have alleged that the appellant attempted to kill Smith without premeditation, yet if he had killed him feloniously, willfully, purposely and maliciously, we think he would have been guilty of murder in the second degree.

It is not always necessary to follow the exact words of the statute. It is generally sufficient to allege all of the elements of the crime charged, the rule being that if the facts well pleaded supply grounds for the necessary legal conclusion, the conclusion will be made by the court, and the failure of the pleader to state the conclusion will not vitiate the indictment. *Henning* v. *State*, 106 Ind. 386;

*Dennis* v. *State*, 103 Ind. 142; *West* v. *State*, 48 Ind. 483.

We think the indictment in this case is sufficient to withstand the attack made upon it for the first time 'in this court by an assignment to the effect that it does not state a public offense. It is conceded by the appellant that it contains a good charge of assault and battery.

We think the evidence in the cause sustains the finding of the circuit court. It fully establishes the facts that the appellant, a young man in the prime and vigor of life, made an unprovoked assault upon a boy sixteen years of age, with a large and dangerous knife, cutting his clothing in several places. His attempted explanation, that he only intended to frighten the boy, was one which the court was justified in disbelieving.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed June 8, 1893.