## CRAIG *v.* THE STATE.

[No. 19,683. Filed December 13, 1901.]

ROBBERY.—*Indictment.—Assault.*—Where, in an indictment for robbery, an assault is alleged in connection therewith, it is not necessary to the sufficiency of the indictment that it also contain an allegation that the defendant "had the present ability" to commit the robbery. *p. 575.*

SAME.—*Indictment.*—In an indictment for robbery it is not necessary to allege an assault by the defendant on the prosecuting witness. *p. 576.*

SAME.—*Indictment.—Use of Word "Violently."*—An allegation in an indictment for robbery, that the articles stolen were taken "violently" is equivalent to an allegation that they were taken "by violence." *pp. 576, 577.*

From Henry Circuit Court; *W. O. Barnard,* Judge.

From a conviction for robbery, defendant appeals. *Affirmed.*

*T. E. Beach,* for appellant.

*W. L. Taylor,* Attorney-General, and *W. R. Steele,* for State.

DOWLING, J.—The appellant was charged upon indictment with the crime of robbery. He was tried by a jury and found guilty. Judgment was rendered on the verdict. A

reversal of the judgment is sought upon the grounds that the court erred in overruling the motions to quash the indictment, and for a new trial.

The first objection urged against the sufficiency of the indictment is, that while it alleges that the defendant "on, etc., at, etc., made an assault upon one Joseph Metz," etc., it fails to show that the defendant had "the present ability to commit a violent injury" on the person of the prosecuting witness. It is insisted that the latter averment was necessary to a proper description of the offense, and that without it the indictment was bad. Counsel for appellant contends that as an *assault* is now a statutory misdemeanor, its ingredients should be set forth specifically whenever it constitutes a material part of the description of another offense. In support of this position, counsel refer us to §1983 Burns 1894; *Adell* v. *State,* 34 Ind. 543; *State* v. *Hubbs,* 58 Ind. 415; *Howard* v. *State,* 67 Ind. 401; *Chandler* v. *State,* 141 Ind. 106; *Woodworth* v. *State,* 145 Ind. 276.

These cases decide that where an assault is charged as an element of a felony consisting of such assault, coupled with an intent to commit a crime of violence against the person of another, such as an assault with intent to murder, the indictment must allege that the defendant had the present ability to commit the threatened injury. And this, undoubtedly, is good law. But where the assault is alleged in connection with a charge that the violent injury was, in fact, committed upon the person of the prosecuting witness, the ability of the defendant to commit the injury need not be otherwise averred: The inference of his present ability to commit the injury results, inevitably, from the allegation that he did actually commit it. In an indictment for an assault and battery with intent, if the facts constituting the battery are stated the assault need not be described, it being merged in the higher offense. In the indictment before us the assault is necessarily included in the subsequent descrip-

tion of the offense, which consisted in forcibly and feloniously taking from the person of the prosecuting witness articles of value, violently, or by violence.

In *Chandler* v. *State,* 141 Ind. 106, it is said on page 112: "There is no charge in the information that the defendant had the then present ability to commit the alleged violent injury. But it does allege that he actually did commit the same. * * * An intent to charge an assault merely, with the felonious intent, is clearly negatived by the language just quoted. The actual battery is charged and thereby the lesser misdemeanor of an assault is merged in the greater of an assault and battery."

Besides, the allegation of the indictment as to the assault was unnecessary, and may be rejected altogether without impairing the pleading. The offense of robbery is so described in the criminal code that it may be sufficiently charged in the language of the statute, or in equivalent terms. It consists in forcibly and feloniously taking from the person of another any article of value by violence, or by putting in fear. A charge that a defendant forcibly and feloniously took from the person of another an article of value, describing it, and stating its value, and the name of its owner, by violence, would in these respects be sufficient without any mention of an assault.

It is insisted in the next place that the indictment is bad because it fails to aver that the articles taken from the person of the prosecuting witness were taken "by violence", these words being a part of the statutory definition of the crime. The indictment does charge that they were taken "violently". This, we think, is fairly equivalent to an allegation that they were taken by violence. The definition of "violently" is "in a violent manner"; and "violent" is defined as "moving or acting with physical strength"; "urged or impelled with force"; "acting characterized, or produced by improper force". Webster's Int. Dic. The signification of the word "violently" when applied to the forcible and

felonious taking of articles of value from the person of another, is not strained when held to be the equivalent of the words "by violence." The rule is that the exact words of the statute need not be employed, but that words which import the same meaning, if employed instead, will be sufficient. *Chandler* v. *State,* 141 Ind. 106, 113, and cases cited.

The remaining question is whether the verdict is contrary to the law, or to the evidence. The evidence was of such a nature that the jury might well reach the conclusion that the defendant was guilty of the crime of robbery. They had the advantage of seeing and hearing the witnesses of both sides, and we cannot presume anything against the fairness of their decision. It is sufficient to say that there was evidence which supported the verdict. The jury were the exclusive judges of its weight, and we have no power to say that their estimate was an erroneous one.

There is no error. Judgment affirmed.