BRUCE *v.* STATE OF INDIANA

[No. 28,753. Filed March 11, 1952.]

414

Theodore Lockyear and John G. Bunner, both of Evansville, for appellant.

J. Emmett McManamon, Attorney General; George W. Hand, William T. McClain and John Ready O'Connor, Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit under the Acts of 1927, ch. 203, § 2, p. 580, being §10-401, Burns' 1942 Replacement, and tried by jury which returned a verdict of guilty of assault and battery with intent to commit a felony.

After return of the verdict, appellant filed his motion in arrest of judgment, this motion was overruled and judgment was then rendered upon the verdict and appellant was sentenced to the Indiana State Reformatory for a period of not less than one year nor more than ten years.

Of the questions presented by appellant's assignment of errors, only two need be considered.

First: Did the trial court err in overruling appellant's motion in arrest of judgment?

The affidavit upon which appellant was arraigned and convicted, omitting formal parts, is as follows:

"Jay Kelly being duly sworn upon his oath says that John Bruce on or about the 30th day of July A.D. 1950, at said County and State as affiant verily believes did then and there, unlawfully and feloniously attempt to commit a violent injury upon one, Betty Sentabar, by the said John Bruce, then and there having the present ability to commit said injury by then and there, unlawfully, feloniously, purposely and with premeditated malice and shoving the said Betty Sentabar from a moving automobile with intent then and there, and thereby, she the said Betty Sentabar, unlawfully, felonioulsy, purposely and with premeditated malice to kill."

Under the Acts of 1925, ch. 203, §1, p. 490, being §9-2001, Burns' 1942 Replacement, an affidavit to withstand a motion in arrest of judgment must state facts sufficient to constitute a public offense. *Pope* v. *State; Lewis* v. *State* (1949), 227 Ind. 197, 201, 84 N. E. 2d 887; *Chizum* v. *State* (1932), 203 Ind. 450, 453, 180 N. E. 674; *Chandler* v. *State* (1895), 141 Ind. 106, 110, 39 N. E. 444; *McGuire* v. *State* (1875), 50 Ind. 284, 286. See also: *Baker* v. *State* (1893), 134 Ind. 657, 34 N. E. 441.

Assault is defined by the Acts of 1941, ch. 148, §7, p. 447, being §10-402, Burns' 1942 Replacement, as follows:

"Whoever, having the present ability to do so, attempts to commit a violent injury upon the person of another, is guilty of an assault, . . ."

From an examination of the affidavit herein together with the statute defining assault, we are of the opinion that it states facts sufficient to constitute the offense of assault with intent to commit a felony. It is, therefore, sufficient to withstand a motion in arrest of judgment and the court did not err in overruling appellant's (defendant's) motion in arrest.

*Second:* Having determined that there was no error in overruling appellant's motion in arrest of judgment, we are then confronted with the second question, viz., did the court err in overruling appellant's motion for a new trial?

Among the specifications of said motion and the only one we deem necessary to consider, is that the verdict of the jury is contrary to law.

The verdict returned by the jury is as follows:

> "We the jury, find the defendant guilty of assault and battery with intent to commit a felony, as charged in the affidavit herein, and that he is 24 years of age.
>
> "(Signed)  C. Jack Buschkill,
> Foreman."

The statute defining assault and battery, Acts of 1905, ch. 169, §354, p. 584, being §10-403, Burns' 1942 Replacement, is as follows:

> "Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, . . ."

Where an indictment or affidavit is uncertain or ambiguous, or where its language admits of more than one construction, all reasonable doubts are to be resolved in favor of the accused and it will be construed most strongly against the state. *McNamare* v. *State* (1932), 203 Ind. 596, 181 N. E. 512; *Hunt* v. *State* (1927), 199 Ind. 550, 159 N. E. 149; *Littell* v. *State* (1893), 133 Ind. 577, 33 N. E. 417.

This court in *Howard* v. *State* (1879), 67 Ind. 401, 405, 406, set out the requirements necessary to constitute an "assault and battery" under a statute similar to said §10-403 as follows:

·"It will be readily seen, we think, that, to constitute an 'assault and battery,' within the meaning of this statutory definition thereof, the following facts must exist: 1. A touching of the person of another; 2. This touching must be unlawful; and, 3. This unlawful touching must be in one of three modes, to wit, in a rude, or an insolent, or an angry manner. These facts must co-exist, or there will not be an 'assault and battery.' "

This rule was amplified and extended in *Chandler* v. *State* (1895), 141 Ind. 106, 39 N. E. 444, *supra*, at page 113, where it is said:

"The exact words of the statute need not be employed, but words which import the same meaning, if employed instead, will be sufficient."

Further, at page 115, it is said:

· ". . . we are of the opinion that the words 'unlawfully,' 'feloniously,' 'purposely and with premeditated malice,' descriptive of the manner in which the alleged assault and battery was perpetrated, carry with them an import that it was done in either a rude manner, or in an insolent manner, or in an angry manner, if not that it was done in all of them. If it was done unlawfully and also feloniously, purposely and with premeditated malice, it was done in an angry manner, and more because malice is defined to mean enmity of heart, malevolence, ill-will, a spirit desiring harm or misfortune to another, a disposition to injure others, unprovoked malignity or spite; see Webster. And the word malicious is defined by the same author to mean indulging or exercising malice, harboring ill-will or enmity, malevolent, malignant in heart. The word angry is defined by the same author as meaning touched with anger, feeling resentment, provoked. And anger is defined to be a strong passion or emotion of the mind excited by real or supposed injury to or intent to injure one's self or others. So that malice or malicious comprehends all that the word angry does and more."

In *House* v. *State* (1917), 186 Ind. 593, 117 N. E. 647, the appellants were charged by affidavit with the offense of kidnapping and the jury found them guilty of assault and battery. Discussing the sufficiency of the affidavit to charge assault and battery, this court, speaking through Lairy, J., at p. 596, said:

> "Appellee takes the position that the offense of assault and battery is charged in the affidavit, and that therefore under the holding in *Rose* v. *State*, [(1870), 33 Ind. 167] *supra*, the verdict is not contrary to law. It will be noticed in this relation that the affidavit omits from the statutory definition of assault and battery the words 'touch,' 'rude,' 'insolent' or 'angry manner.' The affidavit alleges that appellants unlawfully, feloniously, forcibly and fraudulently carried off C. S. Mercer, forcibly and against his will. It is evident from the language used in the affidavit that there was no intent to charge an assault and battery. The affidavit does not charge the offense of assault and battery in the language of the statute and neither does it use words of similar import or meaning."

In *Freel* v. *State* (1890), 125 Ind. 166, 25 N. E. 178, this court was called upon to determine the sufficiency of an affidavit in almost exactly the same words as the one under consideration in the case at bar. Appellant, Freel, was prosecuted by affidavit for assault with intent to kill and murder. The sufficiency of the affidavit was assigned as error. The pertinent part of said affidavit is as follows:

> ". . . 'did then and there unlawfully and feloniously attempt to commit a violent injury upon the person of Robert Gephart, he, the said Edward Freel then and there having the present ability to commit said injury, by then and there feloniously, purposely and with premeditated malice, holding in his hands two large stones with intent then and thereby, him, the said Robert Gephart, feloniously,

purposely and with premeditated malice to kill and murder.' "

Further, at page 168, this court said:

"Omitting the words in regard to holding in his hands the stones, the affidavit properly charges an assault with intent, feloniously and with premeditated malice, to kill and murder one Robert Gephart. The words 'by then and there feloniously, purposely and with premeditated malice, holding in his hands two large stones,' as used in the affidavit, relate to the appellant's ability to commit the violent injury. It is, in effect, charging that he had in his hands two large stones with which he could commit the violent injury."

This affidavit was held to charge an *assault*. We think the reasoning here is sound and applies with equal force in determining the effect of the affidavit in the case at bar. Here, as in the Freel case, the words "by then and there unlawfully, feloniously, purposely and with premeditated malice and shoving" relate to and describe appellant's ability to commit a violent injury upon the prosecuting witness.

In order to constitute assault and battery there must be an unlawful touching of another in a rude, insolent or unlawful manner, as defined in *Chandler* v. *State* (1895), 141 Ind. 106, 39 N. E. 444, *supra*. The affidavit here under consideration does not charge that the prosecuting witness was "shoved," unlawfully or otherwise.

Appellee admits that it might be questioned whether the affidavit is sufficient to include the offense of assault and battery because there is no apparent allegation of any unlawful touching in a rude, insolent or angry manner.

The offense must be charged in direct and unmistakable terms, and the charge must be such that the de-

fendant may know definitely what he has to meet, and that the court may know the crime intended to be charged. *State* v. *Reichert* (1948), 226 Ind. 171, 178, 78 N. E. 2d 785.

If there is reasonable doubt as to what the affidavit includes, such doubt must be resolved in favor of appellant. *McNamara* v. *State* (1932), 203 Ind. 596, 181 N. E. 512, *supra; Hunt* v. *State* (1927), 199 Ind. 550, 159 N. E. 149, *supra; Littell* v. *State* (1893), 133 Ind. 577, 33 N. E. 417, *supra.*

Appellee contends that the words "unlawfully," "feloniously," "purposely" and "with premeditated malice" carry with them an import, when applied to an act performed, that it was done in either a "rude," "insolent" or "angry" manner; and relies upon *Chandler* v. *State* (1895), 141 Ind. 106, 39 N. E. 444, *supra,* to support its contention. This case, while authority for appellee's statement, does not apply to the question here presented. The words unlawfully, feloniously, purposely and with premeditated malice as used in the affidavit now before us relate and apply to the ability to commit the "violent injury" and not to a "touching or shoving." It is clear from the foregoing that the affidavit here under consideration does not state facts sufficient to constitute the offense of assault and battery.

We arrived then at a situation where appellant was charged and tried on an affidavit which charged *assault* with intent to commit a felony, but was convicted and sentenced for an *assault and battery* with intent to commit a felony. This court has, on numerous occasions, held that a verdict which did not determine the issues joined is contrary to law. *Goldstine* v. *State* (1952), 230 Ind. 343, 103 N. E. 2d 438; *Hazlett* v. *State* (1951), 229 Ind. 577, 99 N. E. 2d 743; *Ramsey* v. *State* (1932), 204 Ind. 212, 183 N. E.

648; *Mahok* v. *State* (1931), 202 Ind. 473, 174 N. E. 281; *House* v. *State* (1917), 186 Ind. 593, 117 N. E. 647, *supra; Thetge* v. *State* (1882), 83 Ind. 126; *McGuire* v. *State* (1875), 50 Ind. 284, *supra.*

The verdict of the jury being contrary to law, the judgment of the lower court is reversed with instructions to grant appellant a new trial.

Emmert, J., concurs in the reasoning of this opinion, but believes the judgment should also be reversed for want of any evidence in the record to prove appellant had any intent to murder.

NOTE.—Reported in 104 N. E. 2d 129.