## WILSON v. STATE OF INDIANA.

[No. 28,946. Filed May 27, 1953.
Rehearing denied August 4, 1953.]

*Johnson, Stewart & Austin,* of Anderson, for appellant.

*J. Emmett McManamon,* Attorney General, and *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

EMMERT, J.—The appellant was prosecuted by affidavit for assault and battery with the intent to commit a felony, to-wit: murder. The jury returned a verdict finding appellant guilty of an assault and battery, and fixed his punishment at six months imprisonment plus a fine in the sum of $1,000.00. Upon examination of the record we were of the opinion that no judgment had been entered on the verdict, and pursuant to Rule 2-3, we retained jurisdiction of the

appeal, but suspended consideration thereof until a proper judgment was entered on the verdict. The judgment has now been duly rendered as evidenced by a certified copy of the proceedings had pursuant to our order.

The affidavit is as follows:

"David L. Smith being first duly sworn upon his oath says that he is informed and believes that on or about the 14th day of August, 1951, at and in the County of Madison, State of Indiana, the defendant, H. Y. Wilson, did then and there unlawfully and feloniously attempt to commit a violent injury upon the person of Ruby M. Smith, he, the said H. Y. Wilson, then and there having the present ability to commit the said injury by then and there unlawfully, feloniously, purposely and with premed*iated* malice, shooting at and into the said Ruby M. Smith, a human being, with a certain deadly weapon, to wit: a .32 caliber revolver then and there loaded with gunpowder and bullets, which the said H. Y. Wilson then and there had and held in his hands, with intent then and there and thereby, her, the said Ruby M. Smith, unlawfully, feloniously, purposely and with premed*iated* malice to kill and murder, all being contrary . . ."

Appellant contends that the affidavit only charges an assault with intent to commit a felony, and that the verdict finding him guilty of an assault and battery is a nullity and contrary to law, for which the judgment should be reversed. See *Bruce* v. *State* (1952), 230 Ind. 413, 104 N. E. 2d 129, and authorities therein cited.

However, the cases of this state hold that where an indictment or an affidavit charges an unlawful or felonious assault and then charges an unlawful or felonious battery with intent to commit a felony, both assault and battery with intent to commit

a felony are properly charged, and under the doctrine of included offenses,[1] the defendant can be properly convicted of an assault and battery. In *State* v. *Murphy* (1863), 21 Ind. 441, 443, the indictment charged the defendant " 'did then and there in and upon one H. M., then and there being, make an assault, and him, the said H. M., he the said, &c., did then and there strike, beat and wound, in a rude and insolent manner, with the intent then and there, the said H. M., purposely, feloniously, and with premeditated malice, to kill and murder,' &c." The court held "One man can not strike another with the malicious and premeditated intent to murder him . . . without so doing unlawfully," and that when the indictment charged the act was done with the intent to kill and murder, it was "tantamount to charging the act in the language of the statute, as unlawful."

It is well settled that an offense need not be charged in the exact language of the statute. *Sloan* v. *State* (1873), 42 Ind. 570, 571; *Craig* v. *State* (1901), 157 Ind. 574, 577, 62 N. E. 5; Ewbank, Indiana Criminal Law (2d Ed.) §312, pp. 184, 185.[2]

In *Sloan* v. *State* (1873), 42 Ind. 570, *supra,* the indictment charged the appellant "did, in and upon one Henry Brandt, feloniously, purposely, and with premeditated malice, make an assault, and him, the said Henry Brandt, did then and there felo-

---

1. "In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit." Section 9-1817, Burns' 1942 Replacement.

2. "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding be stayed, arrested or in any manner affected for any of the following defects: . . .

"Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Section 9-1127, Burns' 1942 Replacement.

niously, purposely, and with premeditated malice, beat, strike, kick, stamp, trample upon, and wound, with intent, then and there and thereby, him, the said Henry Brandt, feloniously, purposely, and with premeditated malice, to kill and murder, contrary to the form of the statute, etc." The appellant on appeal contended the indictment did not charge an assault and battery, but the court held the indictment did substantially charge an assault and battery, and that the averments "feloniously, purposely, and with premeditated malice" were equivalent to charging the acts as being unlawfully done.

In *Voght* v. *State* (1896), 145 Ind. 12, 43 N. E. 1049, the affidavit charged the appellant " 'did then and there unlawfully and feloniously commit a violent injury upon the person of Charles Christman, by then and there unlawfully, feloniously, and purposely, and with premeditated malice, shooting and wounding the said Charles Christman, with a pistol, then and there loaded with gunpowder and leaden ball, which the said Jacob Voght then and there had and held in his hands, with the intent then and there and thereby, him, the said Charles Christman, unlawfully, feloniously, purposely, and with premeditated malice, to kill and murder.' " The court said that the affidavit was a charge of "assault and battery with intent; the appellant is charged with 'shooting and wounding.' That was an assault and battery, and not a simple assault."

In *Craig* v. *State* (1901), 157 Ind. 574, 575, 62 N. E. 5, *supra,* in construing an indictment for robbery the court said, "But where the assault is alleged in connection with a charge that the violent injury was, in fact, committed upon the person of the prosecuting witness, the ability of the defendant to commit the injury need not be otherwise averred: The

inference of his present ability to commit the injury results, inevitably, from the allegation that he did actually commit it. In an indictment for an assault and battery with intent, if the facts constituting the battery are stated the assault need not be described, it being merged in the higher offense."

In *Chandler* v. *State* (1895), 141 Ind. 106, 112, 39 N. E. 444, the information charged appellant and another " 'Did then and there unlawfully, feloniously commit a violent injury upon the person of Bird Davis by then and there unlawfully, feloniously, purposely, and with premeditated malice, shooting the said Bird Davis with a certain revolver, then and there loaded with gunpowder and ball, etc.' " The court, in construing the information said, "The actual battery is charged and thereby the lesser misdemeanor of an assault is merged in the greater of an assault and battery. In such a case it has been held by this court that the charge can only be considered as an attempt to charge an assault and battery with intent to murder. *Keeling* v. *State,* 107 Ind. 563."

We hold that the affidavit in this case does charge an assault and battery with intent to commit murder. This does not conflict with our decision in *Bruce* v. *State* (1952), 230 Ind. 413, 104 N. E. 2d 129, *supra,* since in that case the words "unlawfully, feloniously, purposely, and with premeditated malice," related to the ability of the accused to commit the violent injury.

The motion to quash the affidavit, and the motion in arrest of judgment were properly overruled. There was no error in overruling the motion for *venire de novo,* since such a motion should not be sustained "unless the verdict is so defective on its face as to preclude pronouncement of judgment there-

on." Ewbank, Indiana Criminal Law (2d Ed.) §654, p. 473, and cases therein cited.

The charge of assault and battery was included within the charged offense of assault and battery with intent to commit murder. Ewbank, Indiana Criminal Law (2d Ed.) §650, p. 467. There was no error in giving any of the instructions on the doctrine of included offenses. Appellant presents no question as to the sufficiency of the evidence.

The judgment is affirmed.

NOTE.—Reported in 112 N. E. 2d 449.