## ANDERSON *v.* STATE OF INDIANA.

[No. 29,640. Filed March 3, 1959. Rehearing denied April 29, 1959.]

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

ACHOR, J.—Appellant was charged and convicted of assault and battery with intent to commit murder. Appellant's motion for new trial sets forth three causes which he argues here on appeal.

1. During the course of the trial appellant moved for the production of police reports written by such officers following statements made by the prosecuting witnesses. The motion was properly overruled. If the reports were a matter of public record they could have been examined by appellant before trial or brought into court by subpoena. Furthermore, the officers could have been questioned regarding such statements. If the reports were not matters of public record but only a part of the information which comprised the prosecutor's file in the case, then appellant was not entitled to inspect these alleged "statements."

In support of his position appellant relies upon the cases of *Key* v. *State* (1956), 235 Ind. 172, 132 N. E. 2d 143; *Jencks* v. *U. S.* (1957), 353 U. S. 657. However, these cases do not support appellant's position. In the case of *Key* v. *State, supra,* this court stated that it was error to refuse to permit an attorney to testify regarding statements made to him by his client, the prosecuting witness, regarding the innocence of the accused. In that case this court held that the client-witness by his own conduct had waived the attorney-client privilege. There was no issue in the case regarding the right of the accused to examine statements or written memoranda of statements previously made by the witness.

The United States Supreme Court in the case of *Jencks* v. *United States, supra,* held that "justice" re-

quired that the accused be permitted to inspect ▮ documents or memoranda of statements made by a witness in the preparation of the case.[1] We do not question the right of the United States Supreme Court to establish rules of practice and procedure for the federal courts. However, we are neither responsible for nor bound by such rules. We are only responsible for and bound by the rules of practice and procedure as established in the state of Indiana, and so long as they guarantee to every citizen his constitutional rights and no federal question is involved.

The rule which appellant asks us to adopt does not involve any constitutional question. The action is not required by any statute or rule of law known to this jurisdiction. The adoption of such a rule would constitute a serious departure from the rules of judicial procedure which have, for centuries, protected both the interests of society and the rights of its individual members who may have defied its laws.

The rules of practice and procedure must be consistent in all cases. We know with what little regard per-

---

1. "A defendant charged with false swearing, in an affidavit filed with the National Labor Relations Board, that he was not a member of, and was not affiliated with, the Communist Party is entitled to an order directing the government to produce for inspection all reports of government witnesses in its possession, written and, when orally made, as recorded by the FBI, touching the events and activities as to which they testified at the trial; the defendant is entitled to inspect these reports to decide whether to use them in his defense." *Jencks* v. *United States* (1956), 353 U. S. 657, 1 L. Ed. 2d 1103, 1105, 77 S. Ct. 1007.

In support of the above decision the court reasoned as follows:

"A rule which would require, as a prerequisite to an accused's right to the production of documents in the government's possession, a preliminary showing that statements of government witnesses contained therein are inconsistent with their trial testimony is incompatible with the Supreme Court's standards for the administration of justice in the federal courts.

"The interest of the United States in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Jencks* v. *United States, supra.*

sons who live in contempt of society and its laws hold for either the truth or the witnesses who testify against them. The prosecution of such persons is now extremely difficult. If we were to require the prosecutor to turn over to such persons the statements of all witnesses compiled in the preparation of a case, then "justice" would not be served, but would, on the contrary, be seriously frustrated.

The desire that "justice shall be done," [*Jencks* v. *United States, supra*] although laudable in itself, does not require that the state open its confidential files to the accused, nor by the same reasoning, does it extend to the state a correlative right to examine the files of the accused. In Indiana we surround persons charged with crime with every reasonable safeguard to the end that no person shall be convicted of a crime except under due process of law, and then only upon proof of guilt beyond a reasonable doubt. This protection does not include a right of the accused to examine statements and reports contained in the working files of the state.

We do not here decide that under no circumstances may the accused inspect statements made by witnesses which are a part of such file, as where it is first shown that such statements are in direct conflict with the testimony of the witnesses in open court[2] and that such prior statements would prove the innocence of the accused. There was no attempt to prove such conflict in this case.[3]

2. Further, appellant contends that the court erred in overruling his motion to quash the affidavit. The offense

2. See 97 C. J. S., *Witnesses*, §265, pp. 760-761.
3. In the case of *Lander* v. *State* (1958), 238 Ind. 680, 154 N. E. 2d 507, this court held that a defendant was not entitled to inspect an exhibit which was to be introduced in evidence against him.

charged was assault and battery with intent to commit murder. The affidavit charged:

". . . that William Lane Anderson . . . did then and there unlawfully and feloniously attempt to commit a violent injury upon the person of Marvin Baker, he the said William Lane Anderson, then and there having the present ability to commit said injury, by then and there unlawfully, feloniously, purposely and with premeditated malice, shooting at and against the said Marvin Baker with a certain pistol then and there loaded with gunpowder and leaden balls, which pistol he, the said William Lane Anderson, then and there had and held in his hands, with intent then and there and thereby him, the said Marvin Baker unlawfully, feloniously, purposely and with premeditated malice, to kill and murder."

It is appellant's contention that the affidavit was fatally defective in that assault and battery was an essential element of the crime and therefore it was necessary that it allege that the offense was committed "in a rude, insolent or angry manner," as provided in the assault and battery statute [§10-403, Burns' 1956 Repl.]. The position is untenable. When the affidavit charged that the assault consisted of shooting another human being, with the intent to murder, the allegation was tantamount to alleging that the assault committed was "in a rude, insolent or angry manner," within the language of the statute. *Wilson* v. *State* (1953), 232 Ind. 495, 112 N. E. 2d 449; *Sullivan* v. *State* (1957), 236 Ind. 446, 139 N. E. 2d 893.

3. Appellant next contends that the decision of the court is contrary to law and is not sustained by sufficient evidence. Appellant argues that from experience we know that more than flesh wounds would have been inflicted upon the victims if they had been shot in the face in the manner as the witnesses testified. He argues

that under the evidence ordinarily reasonable men could only conclude that the shooting was not deliberate but accidental as stated by appellant. In support of his position, appellant cites the case of *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

We therefore examine the evidence to determine the question, whether the decision is sustained by evidence of probative value. We find that witnesses Geyer and Baker stated that appellant shot once at Geyer, and Baker testified that appellant shot twice at him. Their evidence is corroborated by other witnesses who testified that they heard two shots.

It is true that if appellant had shot these men directly in the face they probably would have been killed, but here again the evidence favorable to the state indicates they were shot at an angle and the bullets made only glancing wounds. A doctor testified that the wounds were not made by a blunt instrument as contended by appellant, but looked like shot wounds which struck at an angle. In addition, there was the testimony of two witnesses who stated that they heard appellant say, "I fixed those two . . .," as he fled the scene of the shooting.

The credibility of the witnesses and the weight to be given their testimony was for the jury. *Ross* v. *State* (1933), 204 Ind. 281, 182 N. E. 865.

We conclude therefore that there is sufficient evidence of probative value to sustain the verdict of assault and battery with intent to commit murder.

Judgment is therefore affirmed.

Landis, C. J., and Arterburn, J., concur. Bobbitt, J., concurs in result. Jackson, J., not participating.

NOTE.—Reported in 156 N. E. 2d 384.