### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1866, IN THE FIFTY-FIRST YEAR OF THE STATE.

———————◊———————

## NEWKIRK v. THE STATE.

NEW TRIAL.—JURY.—That the place where a jury is taken to deliberate is not a convenient one, is no ground for a new trial, unless it is shown that by reason thereof the verdict was not a fair expression of opinion of all the jurors.

SAME.—MISCONDUCT OF JURY.—After the jury had retired to deliberate upon their verdict, the bailiff, without the consent of the defendant, or the leave of the court, furnished to them, at their request, a volume of Bishop's Criminal Law.

*Held,* that the misconduct was such as to entitle the defendant to a new trial.

APPEAL from the *Crawford* Circuit Court.

ELLIOTT, J.—*Marion Newkirk,* the appellant, was indicted, jointly with *Union McMickle, John McCabe, Robert Allen* and *John Hardin Knight,* for grand larceny, in feloniously stealing one rifle gun, one horse, saddle, bridle and halter, the personal property of *Jonathan Enlow.*

*Newkirk* alone was arrested, and he was tried and convicted of said larceny. A motion for a new trial having

been overruled, judgment was rendered on the verdict of the jury.

The refusal of the court to grant a new trial raises the only question in the record.

Three reasons were urged for a new trial, viz:

1. The taking and keeping of the jury, when deliberating on their verdict, to a small and inconvenient room, separated from the court house, there being jury rooms in the court house suitable and convenient.

2. Furnishing the jury by their bailiff, at their request, without the authority of the court, or the consent of the appellant, with a copy of Bishop's Criminal Law, after they had retired to deliberate upon their verdict.

3. That the verdict of the jury was contrary to the law and the evidence.

The first and second causes were sworn to by the appellant, and the second was supported by the additional affidavit of *William M. Trauewell,* who swore that he heard a juror request the bailiff to furnish the book referred to, and that he saw the bailiff afterwards hand it into the jury room, while the jury were deliberating on their verdict.

The first cause for a new trial is claimed to be based on the third clause of section 142 of the act relating to criminal practice, specifying the causes for which new trials in such cases may be granted. 2 G. & H., 423. The clause referred to is as follows: "Where a verdict has been decided by means other than a fair expression of opinion on the part of all the jurors." The 114th section of the same act provides that, after hearing the charge of the court, "the jury may either decide in court, or retire for deliberation. They may retire under the charge of an officer sworn to keep them together in some private and convenient place, without food," &c. Here the complaint was that the place to which the jury were taken by the officer was not a convenient one; but it was not shown that by reason thereof the verdict was not a fair expression of opinion of all the jurors, in which event, only, could the improper conduct of

the officer, in that particular, constitute a ground of complaint on the part of the accused. The fact that the place to which they were taken was not a convenient one, was not, of itself, a cause for a new trial.

The second cause for a new trial, we think, was sufficient, and the court erred in overruling it. The statute makes the receipt by the jury of any "evidence, paper or document, not authorized by the court," or "any misconduct" on the part of the jury, "tending to prevent a fair and due consideration of the case," cause for a new trial. It is shown by the affidavit of *Traucwell*, that after the jury had retired to consult on a verdict, they requested the bailiff to procure and bring to them "the book which had been read to them on the trial of the cause," and that thereupon the bailiff procured and delivered to the jury a volume of Bishop's Criminal Law. This was evident misconduct, both on the part of the officer and jury. It is true that the constitution makes the jury the judges of both the law and the facts in criminal cases, but they must receive their knowledge of both in a proper manner during the trial, and before they retire to deliberate on their verdict. The facts must be determined from the evidence given upon the trial, under the supervision of the court. Questions of law arising in the cause may be argued by counsel, and the trial is closed by the charge of the court to the jury, upon "all matters of law which are necessary for their information in giving their verdict." From these sources of information, they must determine the law of the case, and cannot be permitted to take to their room common law authorities for the purpose of ascertaining the law. Such a practice would be inconsistent with the whole theory of correct trials by jury, and would lead to the most pernicious consequences. If the jury disagree as to the charge of the court, or upon any question of law arising in the case, they may ask for further instructions to be given by the judge in open court, but they cannot be furnished with common law authorities for their own perusal.

This decision renders it unnecessary that we should examine the question as to the sufficiency of the evidence to sustain the verdict, as the evidence on a second trial may not be the same as that given on the first.

The judgment is reversed, and the cause remanded for a new trial. The clerk is directed to give the proper notice, &c.

*A. M. Black* and *F. Wilson*, for appellant.

*D. E. Williamson*, Attorney General, for the State.