PELTZ *v.* STATE OF INDIANA

[No. 28,949. Filed June 11, 1953.
Rehearing denied August 4, 1953.]

*Harry S. Taylor,* of South Bend, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, C. J.—Appellant was charged by affidavit under the Acts of 1927, ch. 203, §2, p. 580, being §10-401, Burns' 1942 Replacement, tried by jury, found guilty of assault and battery with intent to commit a felony, to-wit: voluntary manslaughter, and sentenced to the Indiana State Prison for not less than one, 'nor more than ten years.

Assigned errors 1 and 3 are not discussed in appellant's brief and are, therefore, waived. Rule 2-17(e) (f) of the Supreme Court of Indiana. The sufficiency of the evidence is not challenged.

The question raised by specification 2 of the motion for a new trial, i.e., that the trial court erred in overruling appellant's motion to suppress certain evidence

was expressly waived by counsel for appellant upon oral argument.

Two questions remain for our determination.

1. Did the court err in refusing to give appellant's tendered instructions 10, 11, 12, 13 and 14?

2. Was the verdict of the jury contrary to law?

*First:* Appellant's tendered instructions 10, 11 and 12 pertain to self-defense. Additional instruction number 2 given by the court covers the same principle of law and is, in substance, the same as appellant's instructions 10, 11 and 12 which were refused. Where the substance of an instruction or instructions which are refused is covered by one given, such refusal is not reversible error. *Hedrick* v. *State* (1951), 229 Ind. 381, 387, 98 N. E. 2d 906.

Appellant asserts that the court's additional instruction number 2 is erroneous and could not cure the failure to give his tendered instructions 10, 11 and 12 because it is permissive instead of mandatory.

No specific objection to the giving of said instruction was made as required by Rule 1-7 of this court, hence no question is here presented.

Appellant's instructions 13 and 14 were tendered to cover certain evidence purported to show that the shooting was accidental.

Appellant testified that he left the tavern and went for a shotgun; that it was raining; that the gun was wet and as he entered the front door of the tavern he saw Ballinger, who was sitting on a stool at the bar, turn toward him and reach toward his rear pocket, whereupon he (appellant) started to shift the shotgun from his left to his right hand when it struck the door causing it to discharge and strike Ballinger.

The jury was instructed that under the issues presented ". . . the burden of the State is to prove every·

material allegation in the affidavit beyond a reasonable doubt," before the defendant could be found guilty. The jury was fully instructed on what constitutes assault and battery with intent to commit a felony, and that every fact constituting an essential element of a criminal offense must be established beyond a reasonable doubt.

The sufficiency of the evidence to sustain the conviction is not questioned. While we recognize that a party has a right to insist that the court shall instruct the jury specifically on all legal questions necessary to enable them to reach a true verdict, and to have the instructions made so specific as to apply to the facts in the particular case as developed by the evidence,[1] yet, if the instructions as a whole correctly and fairly present the law to the jury with such substantial accuracy that the jury could not be reasonably misled, the fact that a specific instruction was not given upon some particular part of the evidence is not ground for reversal of the judgment, unless it clearly appears that defendant's substantial rights were thereby prejudiced.

Ewbank's Cr. Law, 2d ed. §603, p. 420.

There is nothing in the record to indicate that such was the case here, nor has appellant made any attempt to show how the failure to give his tendered instructions 13 and 14 was prejudicial to him.

Ewbank's Cr. Law, 2d ed. §605, p. 422.

*Second:* Appellant contends that the affidavit does not charge assault and battery, hence the verdict finding him guilty of assault and battery with intent to commit a felony is contrary to law. The affidavit upon which appellant was arraigned and convicted, omitting formal parts, is as follows:

---

1. *Hedrick* v. *State* (1951), 229 Ind. 381, 389, 98 N. E. 2d 906.

"LESTER MYERS, being first duly sworn upon his oath deposes and says:

"That on or about the —— day of April, A. D., 1951 one Edwsrd Peltz at the County of St. Joseph, in the State of Indiana, did then and there unlawfully, feloniously, and purposely att*m*pt to commit a violent injury upon the person of DeVane Ballinger, he, the said Edward Peltz, then and there having the present ability to commit said injury, *by* then and there *unlawfully, feloniously and purposely shooting at, striking and wounding one De-Vane Ballinger with a certain shotgun* then and there *loaded with gun powder and shot* which the said Edward Peltz then and there had and held in his hands *with intent* then and there and thereby him, the said DeVane Ballinger *unlawfully, feloniously, purposely* and *voluntarily,* upon a sudden heat but without malice *to kill* contrary to the form of statute in such cases made and provided and against the peace and dignity of the State of Indiana.

"Lester Myers." (Our italics).

The statute defines the crime of assault and battery as follows:

"Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, . . . ." Acts 1905, ch. 169, §354, p. 584, being §10-403, Burns' 1942 Replacement.

An offense need not be charged in the exact language of the statute but words which import the same meaning if used instead will be sufficient. *Chandler* v. *State* (1895), 141 Ind. 106, 113, 39 N. E. 444; *Craig* v. *State* (1901), 157 Ind. 574, 577, 62 N. E. 5; Ewbank's Cr. Law, 2d ed. §312, pp. 184, 185. The affidavit herein sufficiently charged the offense of assault and battery with intent to commit a felony and the verdict is not contrary to law. *Wilson* v. *State* (1953), 232 Ind. 495, 112 N. E. 2d 449.

Having considered all the questions presented and finding no reversible error, the judgment is affirmed.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 2d 853.