BROWN v. STATE OF INDIANA.

[No. 30,534. Filed September 28, 1964.]

*Rice & VanStone,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

MYERS, J.—This is an appeal by Russell W. Brown, appellant herein, from a judgment of the Vanderburgh Circuit Court, Vanderburgh County, Indiana, convicting him of the crime of murder in the second degree. A trial was held before a jury upon the issues formed

by appellant's plea of not guilty to the allegations in the indictment. The jury arrived at a verdict finding appellant guilty as charged. He was sentenced to the Indiana State Prison for the period of his natural life. A motion for new trial was filed and overruled. This appeal followed.

The motion for new trial contained 101 specifications of error which appellant claims are grounds for new trial. The assignment of errors filed in this appeal avers only that the court erred in overruling the motion for new trial.

In the Argument section of his brief, appellant waives most of the grounds alleged as error in the motion for new trial, and relies only upon those grounds hereinafter set forth as having any merit.

He first contends that the trial court erred in overruling his motion for a mistrial. The basis for this is an allegation that one of the jurors in the case engaged in a conversation with two women in the court room, one of whom was a former mother-in-law of the deceased, who was the victim of the murder involved herein. The court heard evidence on this motion. The former mother-in-law testified:

> "I don't know any of them [jurors]. . . . I haven't talked to anyone, only my daughter that's here."

She further said that she did not recognize one of them as sitting directly behind her in the court room. One of appellant's attorneys testified:

> "I further saw a juror, Robert Branson, seated directly behind the deceased's ex-mother-in-law and while I did not hear a conversation, it appeared to me as though a conversation were being had. . . . I can well say that maybe there was no conversation but it appeared to me as though

there was, but there definitely was fraterniza-
tion."

Appellant requested the court to call the named juror
as a witness, which request was denied. Appellant
then made an offer to prove in which he stated that
had the juror been permitted to take the witness stand
he would have testified that on that particular day he
did not report to the jury room, but was seated in the
court room behind the former mother-in-law with
whom he engaged in conversation or with another
woman seated beside her.

Appellant cites *Woods* v. *State* (1954), 233 Ind. 320,
119 N. E. 2d 558, as authority for reversal. That case
involved undisputed evidence that police officers, who
were witnesses for the State, visited with the jury
members and conversed with them in a room where
they gathered at an intermission during the trial.

In the case at bar there was no such undisputed
evidence. There was a conflict as to whether the juror
was in the court room at all at that particular
time, and there was no positive evidence that he
was engaged in any conversation with the
former mother-in-law. The *Woods* case is not control-
ling herein as it is clearly distinguishable on the ba-
sis of its facts. No reversible error having been shown
by appellant, the trial court's ruling must be held as
correct. *Schlegel* v. *State* (1958), 238 Ind. 374, 150
N. E. 2d 563.

Appellant next contends that the court erred in fail-
ing to admonish the jury as to their conduct during
recess. He relies upon a mandatory interpretation of
Burns' Ind. Stat., §9-1808, 1956 Replacement, which
reads as follows:

"When the jurors are permitted to separate, after being impaneled, and at each adjournment, they must be admonished by the court that it is their duty not to converse among themselves, nor suffer others to converse with them, on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them."

The record shows that on this particular day during the trial, a recess had been called and the jury had started to leave the court room. Half of them were outside when appellant requested that the jury be instructed according to the terms of the statute, and asked the court to recall the jury for the purpose of such instruction. The Judge overruled the motion to which appellant takes exception. The record clearly shows that the objection and motion were made after the recess was called and the jury was half way out of the court room; therefore, such were not timely made. Failure to make timely objection generally waives the right to object to irregularities affecting the jury. 8 West's Indiana Law Encyclopedia, Criminal Law, Ch. 25, §508, page 562.

However, even if the statute is mandatory, as urged by appellant, he does not show how he was harmed by failure of the court to instruct or admonish the jury as to conduct during recess. The general rule is embraced in 9 West's Indiana Law Encyclopedia, Criminal Law, Ch. 30, §751, page 242, as follows:

"A conviction will not be reversed for an error or a defect which does not prejudice the substantial rights of the defendant, where the record clearly discloses that the defendant had a fair and impartial trial."

Nowhere does appellant point out that he did not have a fair and impartial trial because of failure on

behalf of the court to instruct the jury according to the terms of the statute. Therefore, even if this failure should be considered as error, it was not prejudicial since there was legal and competent evidence in the record from which the jury could have arrived at its verdict, and it is not made to appear that the technical error complained of may have in any way prejudiced the rights of appellant. This court will disregard technical errors or defects which did not prejudice the substantial rights of a defendant. *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551.

Appellant argues that he called his wife to testify as a witness. On cross-examination, the State repeatedly, over objections, asked about alleged threats made by appellant to his wife. It is claimed that these questions called for a confidential communication between husband and wife which is privileged by statute, citing Burns' Ind. Stat., §2-1714, Sixth, 1946 Replacement, which reads as follows:

"The following persons shall not be competent witnesses:
". . .
"Sixth. Husband and wife, as to communications made to each other."

The word "communication" has reference to "facts or information communicated." Webster's Third New International Dictionary. Alleged threats may not be "communications" within the meaning of the statute. However, even if considered as error, it was harmless as the wife's answers were all in the negative and could not have injured appellant.

Finally, error is urged in that the State introduced in evidence three letters written by appellant's wife

to the deceased. Appellant says these letters were hearsay and put appellant's character and reputation in issue; that the effect of allowing them to be read in evidence could only cause the jury to believe appellant was a cruel and evil man and likely to commit the crime with which he was charged.

However, on direct examination of appellant's wife, he fully opened the door to reveal evidence of an extramarital love affair between his wife and the deceased. One of his exhibits introduced into evidence was a letter written by the deceased to the wife expressing his undying love for her. She further testified on direct examination that she and the deceased had seen each other, but that she had decided to break off the affair and had told him of her decision. Once the general subject of her love affair with the deceased was opened in direct examination, the State had the right to go into any phase of that subject on cross-examination. *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501; *Epps* v. *State* (1963), 244 Ind. 515, 192 N. E. 2d 459. Furthermore, the court gave an instruction regarding these letters, at appellant's request, which stated, in effect, that the letters were to be considered solely for the purpose of attempting to impeach the witness, and not as proof of any material fact. This instruction reads as follows:

### "INSTRUCTION NO. 23

"The Court instructs you that it has permitted you to consider as evidence certain letters that would ordinarily be considered hearsay evidence. I instruct you that the only purpose for which you can consider this evidence is to determine what weight and credit you will give the testimony of Valerie Brown. These letters are solely for the purpose of attempting to impeach the wit-

ness on the theory that her testimony was inconsistent with the letters that she wrote.

"You are further instructed that you cannot consider these letters as proof of any material facts in determining the guilt or innocence of the defendant, but may only consider them in determining the extent to which you will believe or disbelieve the testimony of Valerie Brown, who testified in this trial and wrote the letters in evidence."

We must assume that the jury followed the court's instruction limiting the effect of the letters so that they could not be considered as hearsay evidence of any issue other than to impeach the witness. *Badgley* v. *State—Brown* v. *State* (1949), 226 Ind. 665, 82 N. E. 2d 841. Any possible prejudice to appellant which might have been presented by the admission in evidence of these letters was cured by the instruction given at appellant's request.

On the last page of appellant's brief, under the typed signature of his attorneys, is this statement: "The Appellant respectfully requests Oral Argument." This request does not conform to Supreme Court Rule 2-21, which requires the filing of a separate petition in writing within the time allowed for filing briefs in order to have oral argument. This statement at the bottom of appellant's brief cannot be considered a "separate petition." Therefore, this opinion has been written without oral argument being heard.

No reversible error having been pointed out by appellant, the judgment in this case must be affirmed.

Judgment affirmed.

Achor, C. J., and Arterburn and Landis, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 201 N. E. 2d 281.