EDWARDS *v.* STATE OF INDIANA.

[No. 30,867. Filed November 15, 1967. Rehearing granted March 13, 1968.]

*Francis E. Knowles,* of Mount Vernon, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

HUNTER, C. J.—The appellant herein is appealing from a conviction in the Circuit Court of Posey County, Indiana, of the offense of public indecency, Ind. Anno. Stat. § 10-2801 (1956).

Prosecution was commenced on the basis of an affidavit charging appellant with the above stated crime, appellant entered a plea of not guilty and thereafter trial was had by jury. The trial resulted in the jury returning a verdict of guilty of the offense charged.

The error assigned and relied upon by the appellant is the overruling of his motion for a new trial. In his brief appellant asserts two (2) alleged grounds for a new trial. The question of the sufficiency of the evidence has not been raised, either in the motion for a new trial or in the brief. However, the issue on which this decision must rest was not raised by the appellant either in his motion for new trial or in his brief. It has consistently been held by this Court that where the "interests, rights and privileges of juveniles are involved," the Court may search the record, and determine issues inherent therein. *Hicks* v. *State* (1967), 249 Ind. 24, 230 N. E. 2d 757; *Summers* v. *State* (1967), 248 Ind. 551, 230 N. E. 2d 320; *McCord* v. *Bright* (1909), 44 Ind. App. 275, 87 N. E. 654.

The record reveals that prosecution was instituted on the 21st day of May, 1965, upon the filing of an affidavit, and immediately a warrant was issued by the Posey Circuit Court for the arrest of appellant. On the same day appellant was arrested and waived arraignment. A sanity hearing was held on July 6th and trial held on July 9th. It is apparent from the record that all the proceedings below were held before the Posey Circuit Court sitting in its capacity as a criminal court.

However during the trial appellant testified on his own behalf and in answer to the following question presented on redirect examination. "How old are you, George?" Appellant responded: "I will be seventeen the twenty-third of this month." Thus it appears from the record that on the date of the alleged offense, appellant was sixteen (16) years of age.

Before a criminal court can obtain jurisdiction over a juvenile offender charged with an act which would amount to a crime if committed by an adult, the juvenile court must properly waive its exclusive jurisdiction over the juvenile. *Summers* v. *State, supra.* In counties where there is no separate juvenile court, the circuit court may only place alleged juvenile offenders on its criminal docket after waiver proceedings in accordance with the juvenile statutes. *Hicks* v. *State, supra.* There is no indication in the record before us that the Posey Circuit Court, sitting in its capacity as a juvenile court, acquired and waived jurisdiction over the appellant pursuant to the provisions of either Ind. Anno. Stat. § 9-3207 (Supp. 1967) or § 9-3213 (1956). In those cases involving juvenile offenders, the circuit court record should indicate if the case was waived from the jurisdiction of the juvenile court.

We believe the instant case is controlled by *Hicks* v. *State, supra,* wherein it was stated:

> ". . . in a county not having a separate juvenile court, the circuit court must sit in its capacity as a juvenile court in initially accepting jurisdiction of an alleged juvenile offender. In a case where it is not apparent at the outset of a prosecution that the defendant is below the full age of eighteen (18) at the time of the alleged offense, upon receiving an indication of such fact the court should halt the proceedings and transfer the case to its juvenile docket . . ." Id.

For the foregoing reasons, the Posey Circuit Court did not have the requisite jurisdiction to convict and sentence the appellant without a proper waiver by the court sitting in its

juvenile capacity. The conviction is therefore reversed and the case is remanded to the Posey Circuit Court for proceedings in accordance with this opinion.

Arterburn, Jackson and Lewis, JJ., concur.

Mote, J., dissents.

### ON PETITION FOR REHEARING.

HUNTER, J.—Appellee, State of Indiana, has filed a petition for rehearing contending that the juvenile court did conduct a proper hearing to determine if jurisdiction over appellant in the juvenile court should have been waived to the criminal court and that the juvenile court did make a proper waiver. Our original opinion stated that

"There is no indication in the record before us that the Posey Circuit Court, sitting in its capacity as a juvenile court, acquired and waived jurisdiction over the appellant pursuant to the provisions of either Ind. Anno. Stat. § 9-3207 (Supp. 1967) or § 9-3213 (1956)."

In the case of juveniles, it is incumbent upon the State to show a proper waiver, and where the record does not indicate a proper waiver such can be brought to this Court's attention by a writ of certiorari.

The appellee, State of Indiana, has placed the record of the juvenile waiver proceedings before this Court by a writ of certiorari. From the record of these proceedings it appears that the Posey Circuit Court, sitting in its juvenile capacity, did conduct a proper hearing to determine the question of waiver and that the judge based his decision to waive jurisdiction on the fact that appellant had on three previous occasions been sent to the Indiana Boys' School for juvenile offenses, that appellant was seventeen (17) years of age and that it would therefore be in the best interests of the State and the juvenile to waive jurisdiction to the criminal court. The waiver was thereby in accordance with *Summers* v. *State* (1967), 248 Ind. 551, 230 N. E. 2d 320, in which this Court

delineated guidelines for the waiver process. In this regard we stated that a juvenile may properly be waived to a criminal court

"If the offense is part of a repetitive pattern of juvenile offenses which would lead to a determination that said juvenile may be beyond rehabilitation under the regular statutory juvenile procedures." 230 N. E. 2d at 325.

We find that there was a proper hearing and waiver by the juvenile court and therefore will consider this appeal on the merits.

Appellant is appealing from a conviction in the circuit court of Posey County, Indiana, of the offense of public indecency, Ind. Anno. Stat. § 10-2801 (1956 Repl.)

Prosecution was commenced on the basis of an affidavit charging appellant with the above stated crime, appellant entered a plea of not guilty and thereafter trial was had by jury. The trial resulted in the jury returning a verdict of guilty of the offense charged, and sentenced defendant to six months imprisonment.

The error assigned and relied upon by the appellant is the overruling of his motion for a new trial. In his brief appellant presents only two allegations of error. The question of the sufficiency of the evidence has not been argued in appellant's brief and the question is therefore waived. *Peltz* v. *State* (1953), 232 Ind. 518, 112 N. E. 2d 853.

Appellant first complains that the trial court erred in permitting the twenty-two (22) veniremen who were summoned for petit jury duty to remain in the courtroom, prior to the selection of the jury panel and the beginning of the jury trial in the instant case, while two different defendants were arraigned and charged separately with being a minor in possession of alcoholic liquors. Appellant cites no authority for this contention. We cannot say that this was an irregularity in the proceedings as provided

in Ind. Anno. Stat. § 9-1903(1) (1956 Repl.), since the proceedings in the instant case had not as yet begun. Nor can we find that appellant was prejudiced for there is nothing in the record to indicate prejudice. In fact, when the veniremen were questioned on voir dire, each prospective petit juror indicated that hearing the arraignment of the defendants whose cases were in no way related to appellant's case, would not in any way prejudice them in the trial of his case. Appellant's contention that the veniremen in viewing the arraignment of the separate defendants *might* be exposed to *something* in the proceedings which would incriminate or prejudice the defendant, is not a showing of prejudice to the defendant as required by Ind. Anno. Stat. § 9-2320 (1956 Repl.) and decisions too numerous to cite. We hold in the instant case there was no prejudice to the appellant in permitting the veniremen to remain in the courtroom during the arraignment of the other two defendants, and therefore the trial court was not required to excuse the veniremen from the courtroom at appellant's request.

Appellant further contends that the trial court erred in refusing appellant's request to instruct the jury to disregard anything they might have heard or observed during the arraignments. Since the jurors had indicated, under oath, that the exposure to the above mentioned arraignment would not in any way prejudice them in the instant case, and since there was no showing of prejudice, the trial court acted within its sound discretion in refusing to instruct the jurors to disregard the events, occurring prior to impaneling of the jury, unrelated as they were, to the case which the jury was to hear, and after the jurors had indicated that what they had seen or heard would not prejudice them in the trial of the case at bar.

Finally appellant argues that there was misconduct on the part of the jury when, after beginning deliberations, they returned to open court and requested of the trial judge that they be informed as to where the defendant would be imprisoned,

if convicted, and if defendant were sentenced, would any psychiatric treatment be available. Appellant relies on Ind. Anno. Stat. § 9-1903 (1956 Repl.) which reads as follows:

> "Causes-Motion.—The court shall grant a new trial to the defendant for the following causes, or any of them: . . . Third. When the jury has received and considered any evidence, paper or document not authorized by the Court. Fourth. When the jury has been guilty of any misconduct tending to prevent a fair and due consideration of the case. . . ."

It is our opinion that the third subsection is not applicable to the case before this Court for the reason it concerns only evidence, papers or documents. Cases cited by appellant indicate that this Court has so interpreted this subsection, *Jones* v. *State* (1883), 89 Ind. 82 (volume of Indiana Reports); *Newkirk* v. *State* (1866), 27 Ind. 1 (volume of a criminal law treatise). Appellant has not shown that the jury had considered any evidence, papers, or document not authorized by the court, and the mere asking of a question by the jury does not indicate that they had considered such evidence.

Appellant cites *Deming* v. *State* (1956), 235 Ind. 282, 133 N. E. 2d 51 for support of his argument of misconduct on the part of the jury. However *Deming* involved a communication by the judge to the jury related to the substantive rights of the defendant and not made in open court in the presence of the defendant. In the instant case the trial judge did not respond to the jury's question. Furthermore defense counsel had two opportunities to object to the alleged misconduct: at the time the questions were asked and when the jury returned from deliberations. Failure to make a timely objection waives the right to object at a later time. *Brown* v. *State* (1964), 245 Ind. 604, 201 N. E. 2d 281.

For all the foregoing reasons, we hold that the rehearing is granted and that the judgment should be affirmed.

Rehearing granted.

Judgment affirmed.

This opinion supercedes the opinion filed November 15, 1967.

Lewis, C. J., Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 231 N. E. 2d page 20. Rehearing granted in 234 N. E. 2d Page 845.