## Oscar Maynard Arthur v. State of Indiana.

[No. 475S103.  Filed May 3, 1976.]

*Ferd Samper, Jr., Grant W. Hawkins, Samper, Samper, Thoms & Hawkins,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of murder in the first degree.[1]  His appeal to this Court presents two issues.

(1)  The number of peremptory challenges to prospective jurors to which he was entitled under the charge.

---

1.  35-13-4-1 [10-3401].  Murder—First degree.—(a)  Whoever kills a human being either purposely and with premeditated malice or while perpetrating or attempting to perpetrate rape, arson, robbery, or burglary is guilty of murder in the first degee and, on conviction, shall be imprisoned in the state prison during life, unless the killing is one for which subsection (b) prescribes the death penalty. * * *. [Acts 1941, ch. 148, § 1, p. 447; 1971, P.L. 454, § 1, p. 2093; 1973, P.L. 328, § 1, p. 1806.]

(2) His entitlement to a mistrial by reason of the court's having permitted the impaneled jury to separate without having given it the admonition required by statute.[2]

ISSUE I.

Defendant was permitted only ten peremptory challenges to the jurors and contends that he was entitled to twenty under the following statute, Ind. Code § 35-1-30-2 (Burns 1975).

> In prosecutions for capital offenses, the defendant may challenge, peremptorily, twenty (20) jurors; in prosecutions for offenses punishable by imprisonment in the state prison, ten (10) jurors; in other prosecutions, three (3) jurors. When several defendants are tried together, they must join in their challenges. (Acts 1905, ch. 169, § 228, p. 584.)

It is defendant's contention that he was charged with a capital offense and therefore entitled to twenty challenges. His contention was directly answered by this Court in *Martin* v. *State,* (1974) 262 Ind. 232, 314 N.E.2d 60, Reh. Den. 317 N.E.2d 430.

In *Adams* v. *State,* (1972) 259 Ind. 164, 284 N.E.2d 757, this Court recognized that the provision for the penalty of death for murder in the first degree was unenforceable under *Furman* v. *Georgia,* (1972) 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346. In the light of those decisions we held in *Martin* v. *State, supra,* that it was the nature of the penalty rather than the nature of the crime charged that entitled an accused to an increased number of peremptory challenges. It was there said "* * * It is clear that the capital nature of the punishment calls for an increase in the challenges, and where there would be no possibility of the imposition of the death penalty, but only 'imprisonment in

---

2. 35-1-37-2 [9-1808]. Jurors instructed at adjournment.—When the jurors are permitted to separate, after being impaneled, and at each adjournment, they must be admonished by the court that it is their duty not to converse among themselves, nor suffer others to converse with them, on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them. [Acts 1905, ch. 169, § 263, p. 584.]

the state prison' as in this case, the Legislature intended to afford defendant ten peremptory challenges." Although *Martin* v. *State* had not yet been decided on October 24, 1972, the date the defendant was refused his requested additional peremptory challenges, *Furman* v. *Georgia, supra,* and *Adams* v. *State, supra,* had been handed down and controlled the matter in the case at bar as it did in *Martin* v. *State, supra.*

ISSUE II.

Immediately after the jury had been sworn and prior to any other proceedings in the trial, the court recessed for lunch and erroneously permitted the jury to separate without giving the admonition required by the aforementioned statute. Immediately upon reconvening, the defendant moved for a mistrial by reason of said error, and the motion was denied.

Although the terms of the statute are mandatory, no error was preserved for appeal, inasmuch as no objection was interposed at the time of the action complained of. *Brown* v. *State,* (1964) 245 Ind. 604, 201 N.E.2d 281; *Crocker* v. *Hoffman,* (1874) 48 Ind. 207.

We find no reversible error, and the judgment of the trial court is affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 345 N.E.2d 841.